We'll take the case under advisement. Our fifth case for this morning is Bunch, Christine Bunch v. Frank. Mr. Stainthorpe. Thank you. Good morning, Your Honors. If it may please the Court, Counsel, and Ms. Bunch. As the case reaches this Court, the sole issue at this point is whether the United States has waived sovereign immunity for an ATF employee, William Kennard, who has allegedly withheld vital exculpatory evidence and has thereby shattered the life of Christine Bunch. I just want to address very briefly what this evidence is. So, William Kennard was a forensic chemist for the ATF. He examined, searched evidence from the fire that had occurred in Ms. Bunch's trailer. He produced two draft reports which found there were no heavy petroleum distillates in two crucial areas of that prefabricated home. He then produced a final report which found there were HPDs in those two crucial areas of Ms. Bunch's home. The draft reports were never produced to the prosecutor. No question about that. We do claim that they were produced to the fire marshals, but that's an issue for another day. But with respect to Kennard, he was the crucial evidence in this case. Without him, there was essentially nothing. There was zero motive for this crime. Why would a loving mother kill her three-year-old son? No motive was ever advanced as to why this would happen. The other evidence against Ms. Bunch was the fire marshal. You know, it's really here in a legal issue, so perhaps you want to get right to the legal issue. The allegations are that he conspired with the two case agents to frame her, and that's all we need to know about that. And I just wanted to address that to show people. No, we understand that that's the background. But what we have to figure out, in part, and I certainly am going to have the government address this as well, is the statutory language, the exception to the exception, if you will, in 2860H, doesn't just say a law enforcement officer. It says an investigative or law enforcement officer. And I take it your argument is that people such as Kennard, these ATF people, are investigatory officers even if they are not, you know, full-blown law enforcement, that they can go execute searches, that they handle on-site evidence, et cetera. So maybe you want to address the government's reasons for thinking not. Okay, so precisely, and precisely that is our argument. In fact, the statute contains a definition of what is an investigative or law enforcement officer, and it doesn't really distinguish between the two, but it provides three separate disjunctive criteria for when someone would meet those definitions, and that is to execute searches, to seize evidence, or to make arrests. There is no allegation. You're skipping over some really important statutory language, which is that the definition is any officer of the United States who is empowered by law to execute searches to seize evidence or to make arrests, not that they just did it in this particular case. Oh, absolutely. That's what the Milbrook case clarifies as a matter of statutory interpretation. It's a matter of legal authority, not a question of what was factually going on in the case. Right. Agreed. So because of that, and the United States agrees with us on this position, what you have to do is look at the authorized job duties of the— Well, they have said— Authorized, empowered by law. There must be some legal or regulatory authority, not just a matter of job functions. Well, that's contrary to what the U.S. has argued in this case. Well, maybe you want to just address my argument. Okay. Well, obviously the— That's how the statute reads. That's how Milbrook tells us to read the statute. So we have orders from the Supreme Court to look to legal authority, not job description, functions of the office, et cetera. It depends on a legal grant of authority. So here we have a law enforcement agency, ATF, which is set up by statute. We have to decide whether this person— Yes, this person— Well, Judge, I don't think there—I don't know that there is a statute that says precisely that. But then we would be in the situation— Is there a regulation that says that, that he has that legal authority? This has never been raised. This was not raised by the United States. The United States took the position, and we agreed with that position, that Milbrook says that what you look at is the authorized job duties of that person. In this case— And where is that? Is that in an ATA organization chart? I mean, it must be somewhere. Well, it's in his job descriptions from the ATF. What I did when I took the deposition of Ms. Dolan from the ATF, I spent most of the deposition going through the job duties, the authorized job duties of Mr. Cunard. And I went through all of those and showed that, in fact, he, pursuant to these job duties, pursuant to his employment with the ATF, he executed searches, he seized evidence, and he executed—he performed searches in the lab. So— So ATF is entitled to hire people to be chemists. Absolutely. Somewhere in its remit is the ability to do that. They spend money running labs. They're empowered by law to do that. Congress wouldn't let them spend money on things that are outside their job scope. So the Milbrook language is what we need to deal with. The meaning of the law must be discerned from the language of the statute, you know, and who is actually—of course, they're talking about a law enforcement officer, but the principle of going back to the statute surely is the same. But, you know, we need to figure out how do we answer this question empowered by law. Okay. Well, I think, first of all— Because he certainly can. No one said that he was behaving in an ultra-vires manner when he's called on to search scenes or when he's asked to analyze, you know, arson or whatever it is he's analyzing. That's the sole purpose of his job. That's what he does. He assists in the investigation of crimes. Right. He's clearly acting within the scope of his employment, but that's not decisive of the question. What is decisive is whether he's an officer of the United States, and I haven't heard that addressed yet, who is empowered by law to execute searches or seize evidence. I don't think we have the arrest component at issue here. We don't. So he has to be—you have to give us some source of legal authority, some statute, regulation. You know what? It may be of some use since apparently both parties have failed to really focus on this to get supplemental briefs on this question. I think I would ask you both within 14 days, so two business weeks, to submit supplemental briefs on the questions that Judge Sykes is raising. Do we even know that he's considered an officer of the United States? You should look at the full definition of 2680H. Don't overlook anything. Is he an officer, number one, who is empowered by law, number two, and tell us what law, and then number three, which of those three different possibilities, one, two, or three, it's probably at least not the third one, but what can he do? Where does this come from? It could be the organizing law that creates and has moved ATF over to the Department of Homeland Security and then sent hence to the Justice Department. It could be a lot of things, but I'm not going to tell you how to write your brief, but there needs to be something. Sure. Okay, and just with respect to the officer issue, because I did address that, it is addressed at pages 21 to 23 in our opening brief and I think briefly addressed in our reply brief also, but we will be happy to revisit that in any supplemental briefing. Okay. Why don't you save whatever you want for rebuttal and we will take care of this problem. Thank you, judges. Ms. Woods. Good morning. My name is Shalise Woods and I represent the United States. So, Ms. Woods, is it possible that the United States has waived its potential argument about sovereign immunity by failing to focus on the Milbrook factors? No, Your Honor. In the district court briefing and in the appellate brief, the United States walked through the history of legal authority given to ATF employees by Congress. Our position is that the ATF. But you were focusing on law enforcement. Your brief is devoid of any independent discussion of investigatory agents, and unless you think the word investigatory is just surplus in the statute, we need to see a difference. So you say, for example, that ATF forensic chemists don't go over to the federal law enforcement training center. Fine. So they're not law enforcement officers, but the statute gives you two options, and I didn't see any discussion in your brief about why they were not investigatory agents. The reason is, Your Honor, is there is a further definition of investigative or law enforcement officer in the statute, and that's where you have to look. And that is a person who is empowered by law to execute searches, make arrests. No, I understand. That's what we've just been talking about for the last five minutes. Yes. But your brief didn't zero in on why these ATF agents fail that. You say he's not a special agent. Okay, fine. He's not a special agent. Just because special agents can carry firearms, serve warrants, subpoenas, and make arrests doesn't mean that there isn't anybody else in all of ATF who can't do those things. You need to say why an investigative person isn't somebody covered by the statute. The reason is is because Mr. Canard was not empowered by law, by Congress, by a regulation, or by the ATF to do any of those things. He simply wasn't. And the reason the United States had the burden to establish that, and that's why we put on his job description. But you just have the Dolan deposition. You say chemists are not authorized. This is page 21. Are not authorized to serve or execute warrants, serve subpoenas, make arrests, or carry firearms, none of which are of interest here, which are duties separately delegated by Congress and ATF to special agents. Dolan deposition. That's not a statute. That's what Ms. Dolan thought. Your Honor, we did walk through the statutory history of powers given to ATF employees to do those things. But you didn't talk about chemists executing searches. Let's focus on that. Sure. They are not. Executing could mean carry out the search, which might mean this is relevant evidence, that's not relevant evidence, get a sample of this, don't get a sample of that. So within ATF, Congress has only delegated that power to what are now known as special agents. Back in 1995, they were internal revenue enforcement officers. There's a specific statute. It was 26 U.S.C. 7608. It was amended under the Homeland Security Act, so now it's 18 U.S.C. 3051. Those powers, that empowered by law language is significant, as the Supreme Court noted in Millbrook. Who is the, these are broad powers. Who has Congress given those powers to within the law enforcement agencies? So you don't think there's any difference between an investigative agent and a law enforcement agent? No, there could. So there can, of course, be investigative agents or officers who have been given these powers by their agency. And you see that in other cases where we're certainly not arguing that someone has to be called a special agent in order to fall within the proviso. For example, BOP correctional officers are allowed to make arrests. So they're not what we think of as typical special agents or law enforcement officers, but they fall within the proviso because the agency has actually given them that power. In this case, neither Congress nor the agency has ever given the power to ATF chemists to do these three things. But they don't have to do all three. They just have to do one. Not to do any of these three things. The agency has the authority to delegate that power? Has the statutory authority to delegate that power? So I believe if you look at 18 U.S.C. 3051, it grants the authority to ATF to give these powers to special agents. Well, it goes beyond that. As well as any other investigator or officer charged by the Attorney General with the duty of enforcing? Yes. Yes. So it appears on the face of 3051A that the Attorney General has the authority to delegate other officers beyond special agents? Yes. Or to confer this legal authority? And that is why, in this case, we felt compelled to produce the position, description, and also we do have deposition testimony as to the actual powers, job duties, and responsibilities that an ATF chemist has. Well, is a job description enough to do that? Usually if some other government employee is being deputized with law enforcement duties, like the power to arrest or seize or search, there's more to it than just a job description. Absolutely. They've got to take the oath and all of that stuff. Yes, and I would suggest the absence, I mean, there is no evidence in this case that Mr. Kennard has these powers because he didn't have them. And so I would suggest the fact that he's not an 1811 law enforcement agent. He's not called any of these things by the agency and, in fact, did not have the authority. And Ms. Dolan's deposition testimony. So he was acting ultravirates when he assisted in the execution of search warrants? So he was performing his job duties by providing technical assistance to the Indiana. And that somehow is different from executing the search warrant. Yes, Your Honor, very much so. And I'd like to give you, I'll call it a legal and factual answer to that issue. No court has addressed this question, what is to execute a search under the proviso? I think the reason is, well, one court called it a thorny issue and didn't do it. But I think the reason is, if you look at Millbrook, what Millbrook says is, what is relevant is what power has been given to this employee by law. What were they empowered to do? Not what they were actually doing, not the activity they were engaged in, but what were they allowed to do? So the question here is, was Mr. Kennard empowered by law to execute a search? What is execute a search? I would say that you look to, first you can look to the statutory authority given to the United States of America and its federal officers to execute searches. And if you read that statutory authority, 18 U.S.C. 3102 et al., it talks about, you know, how do you get a warrant? Who is allowed to go to the court and ask for a warrant to conduct a search, to execute a search? That power is given to a federal law enforcement officer, which is defined as a government agent who is within the category of officers authorized by the attorney general to request a search warrant. Here we go. Again, in our case, Mr. Kennard was not authorized by the attorney general to go to court. Which means he couldn't go to a magistrate to secure a search warrant. Correct. Yes, he didn't have the power to go into court and ask a magistrate to execute a search warrant. You can also look to Criminal Rule 41. Well, there isn't anything in 3102 other than a reference to Rule 41. Oh, sorry. I think I jumped ahead to 41B. Who has the authority to obtain a warrant and execute it? And so Criminal Rule 41 also makes clear that at all steps of the process, the person obtaining the warrant actually going and executing the search warrant has to be empowered by law to do those things. Mr. Kennard never had those powers. I would also suggest, because I started sort of digging around in Fourth Amendment law, there's an interesting case from this circuit, United States v. Singer from 1991. And it's a straight motion to suppress. There was a no-knock entry in the courts analyzing whether that was reasonable under the Fourth Amendment. And the court says it is generally left to the discretion of the executing officers to determine how to proceed. And that they have discretion to make certain decisions in executing a search warrant. So if we apply that to this case, there is the person with the authority to obtain a search warrant and actually execute it. He may have a whole team of people behind him helping out, providing technical assistance. He or she may see something at the scene pursuant to that search warrant that is evidence of a crime and then send it back to a lab to be analyzed by someone else. They're providing technical assistance. And they're actually searching whatever it is that got seized. Well, so just to wrap up my first point, they are not the person executing the search. They don't have that power. And then finally, Your Honor, I would say we do have actual deposition testimony in this case about the job duties and responsibilities of a chemist. And when asked whether she was conducting searches, Chief Dolan, she did not adopt that terminology. I understand as a broad sense if you're looking at something to see is there the presence or absence of accelerants that you could be searching for that thing. But the terminology that's used for chemists and that she herself, when describing what her job is, is to analyze and examine and then report back what is in there. Conversely, when a federal law enforcement officer goes into court and asks for a search warrant, he or she already has an inclination. They have to establish probable cause. They're actually looking for evidence of a crime. That's not what the chemists are doing. They are objective, technical, scientific experts. Unless they're Mr. Kennard. But, yes, okay. Unless they are dishonestly changing their mind. Thank you. Unless you have other questions. Thank you. Thank you very much. And we will issue an order about the supplemental briefs. Mr. Stainthorpe, anything further? Just very briefly, Judge. Of course, we will do supplemental briefing. But the essential position here is the ATF, and there have been the statutes cited in both our brief and the United States brief, is authorized to conduct criminal investigations and to employ persons to assist in those investigations. Pursuant to that authority, Mr. Kennard was employed. Pursuant to that authority, Mr. Kennard had certain job descriptions. Pursuant to those job descriptions, he was instructed to search evidence in the field, seize evidence in the field, and search evidence in the lab. And so, as a general rule, is there a statute that says that an ATF forensic chemist is authorized to do searches and seizures? I don't know. Well, you may have to trace. We'll see. I mean, I'm not asking you to pull this off the top of your head. And you'll tell us what you find. Thank you, Judge. Thank you very much. The case will be taken under advisement.